UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKOLA LUKAJ, JOSEPH POTENTE, and DIANA O'NEILL,<br><br>                     Plaintiffs,<br><br>-against-<br><br>PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, JOHN FLEMING, individually, DAVID SIMPSON, individually, LAWRENCE A. PORCARI, Jr., CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 to #20, individually, and SANITATION WORKERS #1 to #20, individually,<br><br>                     Defendants. | ECF Case<br><br>07 Civ. 8184 (CLB)<br><br>**ANSWER/AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendants[1] by and through their attorneys, Thacher Proffitt & Wood LLP, answer the complaint of Plaintiffs (the "Complaint") as follows:

### NATURE OF THE ACTION

1. Deny the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

### JURISDICTION

2. The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendants respectfully refer the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

---

[1] Defendant Lawrence A. Porcari, Jr. does not answer the Complaint. Instead, he has filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint.

## THE PARTIES

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Admit the allegations set forth in paragraph 4 of the Complaint.

5. Admit the allegations set forth in paragraph 5 of the Complaint.

6. Admit the allegations set forth in paragraph 6 of the Complaint.

7. Deny the allegations set forth in paragraph 7 of the Complaint accept admit that John Fleming is an employee of Defendant City.

8. Deny the allegations set forth in paragraph 8 of the Complaint accept admit that David Simpson is an employee of Defendant City.

9. Admit the allegations set forth in paragraph 9 of the Complaint.

10. Admit the allegations set forth in paragraph 10 of the Complaint.

11. Admit the allegations set forth in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

## CLASS ALLEGATIONS

13. Deny the truth of the allegations set forth in paragraph 13 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 13 of the Complaint state legal conclusions as to which no responsive pleading is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Deny the truth of the allegations set forth in paragraph 15 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 15 of the Complaint state legal conclusions as to which no responsive pleading is required.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

## THE FACTS

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Deny the allegations set forth in paragraph 21 of the Complaint.

22. Deny the allegations set forth in paragraph 22 of the Complaint.

23. Deny the allegations set forth in paragraph 23 of the Complaint.

24. Deny the allegations set forth in paragraph 24 of the Complaint.

25. Deny the allegations set forth in paragraph 25 of the Complaint.

26. Deny the allegations set forth in paragraph 26 of the Complaint.

27. Deny the allegations set forth in paragraph 27 of the Complaint.

28. Deny the allegations set forth in paragraph 28 of the Complaint.

29. In response to the allegations contained in paragraph 29 Defendants repeat and reallege their responses set forth in paragraphs 1-28 of as if fully incorporated herein.

30. Deny the allegations set forth in paragraph 30 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

32. The Defendants are entitled to qualified and/or absolute immunity.

## THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs lack capacity and or standing to sue.

## FOURTH AFFIRMATIVE DEFENSE

34. The Court lacks personal and/or subject matter jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

35. Plaintiffs fail to demonstrate the requirements of a class action, including, but not limited to:

   (i) specificity of class;
   (ii) numerosity of class;
   (iii) commonality of class; and
   (iv) typicality of class.

**WHEREFORE**, Defendants respectfully request that the Court enter an order

   (i) dismissing the Complaint in its entirety;

   (ii) requesting an evidentiary hearing on the class certification;

   (iii) awarding the Defendants attorneys' fees and costs; and

   (iv) granting Defendants any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
October 15, 2007

        THACHER PROFFITT & WOOD LLP

By: _____
Kevin J. Plunkett
Darius P. Chafizadeh
*Attorneys for Defendants*
50 Main Street
White Plains, NY 10606
914-421-4100

TO:    Lovett & Gould, LLP
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401