UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKOLA LUKAJ, JOSEPH POTENTE, and DIANA O'NEILL,<br><br>                    Plaintiffs,<br><br>        -against-<br><br>PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, JOHN FLEMING, individually, DAVID SIMPSON, individually, LAWRENCE A. PORCARI, Jr., CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 to #20, individually, and SANITATION WORKERS #1 to #20, individually,<br><br>                    Defendants. | ECF Case<br><br>07 Civ. 8184 (CLB)<br><br>**ANSWER/AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant Lawrence A. Porcari, Jr.(the "Defendant") by and through his attorneys, Thacher Proffitt & Wood LLP, answers the complaint of Plaintiffs (the "Complaint") as follows:

### NATURE OF THE ACTION

1.      Denies the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendant. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

### JURISDICTION

2.      The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendant respectfully refers the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

### THE PARTIES

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      Admits the allegations set forth in paragraph 4 of the Complaint.

5. Admits the allegations set forth in paragraph 5 of the Complaint.

6. Admits the allegations set forth in paragraph 6 of the Complaint.

7. Denies the allegations set forth in paragraph 7 of the Complaint accept admits that John Fleming is an employee of Defendant City.

8. Denies the allegations set forth in paragraph 8 of the Complaint accept admits that David Simpson is an employee of Defendant City.

9. Admits the allegations set forth in paragraph 9 of the Complaint.

10. Admits the allegations set forth in paragraph 10 of the Complaint.

11. Admits the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

## CLASS ALLEGATIONS

13. Denies the truth of the allegations set forth in paragraph 13 of the Complaint as they relate to the actions of the Defendant.  The remaining allegations set forth in paragraph 13 of the Complaint state legal conclusions as to which no responsive pleading is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies the truth of the allegations set forth in paragraph 15 of the Complaint as they relate to the actions of the Defendant.  The remaining allegations set forth in paragraph 15 of the Complaint state legal conclusions as to which no responsive pleading is required.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

## THE FACTS

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. Denies the allegations set forth in paragraph 28 of the Complaint.

29. In response to the allegations contained in paragraph 29 Defendant repeats and realleges his responses set forth in paragraphs 1-28 of as if fully incorporated herein.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

32. The Defendant is entitled to qualified and/or absolute immunity.

### **THIRD AFFIRMATIVE DEFENSE**

33. Plaintiffs lack capacity and or standing to sue.

### **FOURTH AFFIRMATIVE DEFENSE**

34. The Court lacks personal and/or subject matter jurisdiction.

### **FIFTH AFFIRMATIVE DEFENSE**

35. Plaintiffs fail to demonstrate the requirements of a class action, including, but not limited to:

   (i) specificity of class;
   (ii) numerosity of class;
   (iii) commonality of class; and
   (iv) typicality of class.

**WHEREFORE**, Defendant respectfully requests that the Court enter an order

   (i) dismissing the Complaint in its entirety;

   (ii) requesting an evidentiary hearing on the class certification;

   (iii) awarding the Defendant attorneys' fees and costs; and

   (iv) granting Defendant any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
November 15, 2007

                                            THACHER PROFFITT & WOOD LLP

                                        By:   s/ Darius P. Chafizadeh
                                                  Kevin J. Plunkett
                                                  Darius P. Chafizadeh
                                                 *Attorneys for Defendant*
                                                 *Lawrence A. Porcari*
                                                 50 Main Street
                                                 White Plains, NY 10606
                                                 914-421-4100

TO:    Lovett & Gould, LLP
         222 Bloomingdale Road
         White Plains, New York 10605
         (914) 428-8401

5